IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DERRICK JOHN RAYMOND DANIELS** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | No: **5:14-CV-0442-MTT-CHW** |
| Warden **GREGORY MCLAUGHLIN, et. al,** : | |
| : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| **Defendants** : | BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **Derrick John Raymond Daniels**, an inmate currently confined at Dodge State Prison in Chester, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks to proceed in this case without pre-payment of the Court's filing fee. For those reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**. After conducting a preliminary review of Plaintiff's Complaint, the undersigned also finds that Plaintiff's allegations are sufficient to allow his claims against Defendants **Officer Crawford, Officer Hannah,** and **Lieutenant Felton** to go forward for further factual development. It is **RECOMMENDED**, however, that all other parties and claims, as discussed herein, be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

### I.     Motion to Proceed *in forma pauperis*

Plaintiff has filed a Plaintiff's Motion to Proceed *in forma pauperis*. Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the Court's $350.00 filing fee. His Motion (Doc. 2) is thus **GRANTED**. See 28 U.S.C. § 1915(b). This does not mean that the filing fee is waived. Plaintiff is still obligated to pay the full balance of the filing fee

using the payment plan described in § 1915(b) and ordered herein, see infra p.8-9. For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden or business manager of the facility in which Plaintiff is currently confined.

## II.     Preliminary Screening of Plaintiff's Complaint

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. See id. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### B. Plaintiff's Claims

The present action arises out of Plaintiff's confinement at Macon State Prison in February of 2013. In his Complaint, Plaintiff alleges that Officers Crawford and Hannah[1] opened his cell door from the control booth and allowed six inmates to enter his cell while he and his roommate were sleeping. These inmates then violently attacked Plaintiff with homemade knives; Plaintiff was allegedly stabbed over twenty times before he could finally flee the cell. The Complaint alleges that Lieutenant Felton arrived before Plaintiff escaped his attackers, but he only filmed the attack with a handheld camera and took no action to intervene or otherwise assist Plaintiff.

Plaintiff has now filed the present lawsuit against Officer Crawford, Officer Hannah, and Lieutenant Felton and attempts to state § 1983 claims for violations of both the Eighth and Fourteenth Amendments as well as claims under the Georgia Tort Claims Act, O.C.G.A. § 50-21-25, et. seq. Plaintiff also brings claims against Warden Gregory McLaughlin, Deputy Warden James Hinton, and Deputy Warden Talisha Moody for their alleged "failure to institute a policy which prevents predictable violations of rights"; "failure to train [their] subordinates"; and negligence.

### A. Eighth Amendment Claims

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to allow him to go forward with Eighth Amendment claims against **Officer Crawford**, **Officer Hannah**, and **Lieutenant Felton**.

Plaintiff, however, has failed to state Eighth Amendment claims against Defendants McLaughlin, Hinton, and Moody. It is clear from Plaintiff's Complaint that he seeks to hold these supervisory officials liable for the actions of their subordinates under a theory of vicarious

---

[1] Although Plaintiff refers to these officers as "CO II John Doe" in his allegations, his Complaint also identifies these defendants as CO II Crawford and CO II Hannah. See Compl. at 2, 6.

3

liability or supervisor liability.  There is no such liability imposed under § 1983.  Rather, to state a claim against a supervisory official, a plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervisor and a constitutional deprivation.  H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir.1986).  Plaintiff has not made such allegations or connections here.

Plaintiff's Complaint merely alleges that these defendants failed to implement some un-identified policy, failed to properly train their subordinates, and somehow acted negligently. These conclusory, self-serving allegations – unsupported by any objective allegation of fact – do not state a § 1983 claim. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"); Salas v. Tillman, 162 F. App'x 918, 922 (11th Cir. 2006) ("conclusory allegation that [w]arden . . . failed to properly train and supervise his staff was . . . insufficient to set forth a claim under § 1983).  Furthermore, even if Defendants were negligent in their supervision of their subordinates, prison officials cannot be held liable under § 1983 for their negligence. See Daniels v. Williams, 474 U.S. 327, 336, 106 S. Ct. 662, 667, 88 L.Ed.2d 662 (1986).  It is accordingly **RECOMMENDED** that Plaintiff's Eighth Amendment claims against **Warden Gregory McLaughlin**, **Deputy Warden James Hinton**, and **Deputy Warden Talisha Moody** be **DISMISSED** for failure to state a claim.

      B.  Fourteenth Amendment Claims

Plaintiff also alleges that Defendants' conduct violated his right to "equal protection" under the Fourteenth Amendment.  Plaintiff's Complaint, however, does not allege any fact suggesting that Plaintiff received disparate treatment because of a constitutionally protected interest, such as race, gender, or religion.  See Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir.

4

2001). Nor does Plaintiff identify any facts to state a possible "class of one" equal protection claim. See Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006). The facts necessary to support an equal protection claim are thus not present in his Complaint. It is accordingly **RECOMMENDED** that Plaintiff's equal protection claims also be **DISMISSED**.

   C. State-Law Claims

Plaintiff additionally brings state-law claims against Defendants under "O.C.G.A. 51-21-26." Because there is no such Georgia statute, the Court assumes that Plaintiff has actually attempted to bring tort claims against Defendants under the Georgia Tort Claims Act ("GTCA"), O.C.G.A. § 50-21-25, et. seq. Under GTCA, however, "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50–21–25(a). Defendants are thus immune from such claims their individual capacities. Plaintiff's official capacity claims also fail in this Court. Although GTCA does provide a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officials, the State has not waived its sovereign immunity for tort actions brought against the State in federal court. O.C.G.A. § 50–21–23(b). Defendants are therefore also immune from suit in federal court in their official capacity. It is accordingly **RECOMMEDED** that Plaintiff's GTCA claims also be **DISMISSED**.

  **III.** **Conclusion**

For those reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**, and Plaintiff's claims against **Officer Crawford, Officer Hannah,** and **Lieutenant Felton** will be allowed to go forward for further factual development. It is **ORDERED** that service be made on these defendants and that they file an Answer, or such other response as may be appropriate under the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison

Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

It is **RECOMMENDED** that all other parties and claims, as discussed herein, be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.  Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 12th day of January, 2015.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge