IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DERRICK JOHN RAYMOND DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-442 (MTT) |
| ) | |
| CARLOS BERNARD FELTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

United States Magistrate Judge Thomas Q. Langstaff recommends that Defendant Hannah be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 42). After the Plaintiff filed an objection to the Recommendation, the Court ordered Defendants Felton and Crawford to provide the Court with the name and address of the "Floor Officer" assigned to the H-1 Dormitory at the time of the incident on February 11, 2013. (Doc. 48). Defendants Felton and Crawford have now identified that officer as Rodney Sutton and provided his last known address, albeit a post office box rather than a physical address, which shall remain sealed. (Doc. 50).

The discovery the Plaintiff requested appears to have uncovered the identity of the Defendant listed in the Plaintiff's complaint as "John Doe: CO II Hannah." *See Morris v. Hays SP Warden*, --- F. App'x ---, 2016 WL 158819, at *2 (11th Cir. 2016); *Bowens v. Superintendent of Miami S. Beach Police Dep't*, 557 F. App'x 857, 862 (11th Cir. 2014) ("Particularly when a plaintiff proceeds *pro se* and is encumbered by incarceration, we have explained that a claim may be maintained against unnamed

defendants where allegations in the complaint make clear the plaintiff could uncover the names through discovery."); *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) (upholding the dismissal of claims against unnamed defendants where the plaintiff "did not timely request any discovery that would have allowed him to learn their names and serve process on them"); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). If the Plaintiff wishes to proceed against Rodney Sutton, he shall amend his complaint within 21 days.[1]

**SO ORDERED**, this 26th day of February, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court expresses no opinion now on whether any such amendment is barred by the statute of limitations unless it relates back to the date of the complaint. See Fed. R. Civ. P. 15(c); *Mann v. Darden*, 630 F. Supp. 2d 1305, 1309-15 (M.D. Ala. 2009); *Eller v. Ben Tzer Yul*, 2006 WL 3734162, at *3-*4 (N.D. Ga.); *Bishop v. Farhat*, 227 Ga. App. 201, 202, 489 S.E.2d 323, 326 (1997).