IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DERRICK JOHN RAYMOND DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-442 (MTT) |
| | ) |
| WARDEN, GREGORY MCLAUGHLIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Derrick John Raymond Daniels has filed two applications to appeal in forma pauperis. Docs. 84, 85. After reviewing the record, the Court enters the following Order.

Daniels seeks to appeal the judgment in favor of the Defendants entered on June 5, 2017. Doc. 80. Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
>
> > (B) claims an entitlement to redress; and
>
> > (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Daniels submitted an updated certified copy of his trust fund account statement in this Court on July 11, 2016 (Doc. 85-1) that shows he is unable to pay the $505 appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Daniels has not submitted a statement of the issues he intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the issues addressed in the March 8, 2017 Report and Recommendation (Doc. 75), Daniels's March 23, 2017 Objection to that Recommendation (Doc. 76), and the Court's Order adopting the Recommendation (Doc. 79) demonstrates that Daniels's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning in the ruling sought to be appealed" instead of requiring a statement from the plaintiff), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). The appeal, therefore, is not brought in good faith. Daniels has raised no issues with arguable merit.

Consequently, Daniels's applications to appeal in forma pauperis (Docs. 84, 85) are **DENIED**.

If Daniels wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Daniels has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Daniels is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Daniels's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Daniels is incarcerated.

**SO ORDERED**, this 21st day of August, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT